UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRET S. BEILER,           ) | |
|           Plaintiff,   ) | |
| ) | |
| v.                        ) | No. 1:12 CV 3 |
| ) | |
| JAY COUNTY SUPERIOR COURT, *et al.*,   ) | |
|           Defendants.  ) | |

## OPINION and ORDER

Bret S. Beiler, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE # 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Beiler's lawsuit stems from a Jay County criminal case in which he was convicted of public intoxication and resisting law enforcement. He first sues Judge Max C. Ludy, Jr.,

who presided over the case. Beiler alleges that Judge Ludy denied him his right to counsel at a suppression hearing and subsequently appointed a public defender to represent him who provided ineffective assistance. He seeks an award of compensatory and punitive damages against the judge. Beiler's claim cannot proceed, because the judge is entitled to absolute immunity for his actions taken in connection with Beiler's criminal case. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (a judge is entitled to absolute immunity for judicial acts regarding matters within his jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors."). This is true even if Beiler believes the judge acted improperly; his remedy was through the state appellate process, not a civil rights suit seeking damages. *See id.*

Beiler next sues his public defender, who allegedly provided ineffective assistance prior to and during trial, resulting in his conviction and incarceration. This claim is also foreclosed. The constitution protects against actions taken under color of state law, *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006), and the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Furthermore, to the extent Beiler is seeking some type of order declaring that his Sixth Amendment rights were violated in the criminal case, he can only seek such relief via habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement). Accordingly, this claim must be dismissed.

Beiler also lists the Indiana Attorney General as a defendant, without providing any information in the narrative section of his complaint to explain his grounds for relief. If he is attempting to raise a claim against the prosecutor who handled his case, it is not clear that the Indiana Attorney General would be the proper defendant; regardless, such a claim is barred because the prosecutor has immunity for his actions taken in Beiler's criminal case. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). Accordingly, this claim must be dismissed.

Finally, Beiler sues the Jay County Superior Court. The basis of his claim is not entirely clear, but he appears to be trying to sue the court as the judge's employer; such a claim is foreclosed because there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Furthermore, local government liability under 42 U.S.C. § 1983 is dependent on an analysis of state law, and under Indiana law a superior court is not an entity that has the capacity to sue or be sued. *See* IND. CODE § 36-1-2-10; *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Thus, this claim must also be dismissed.

For these reasons, the court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: January 31, 2012

                                          s/James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT